1    TERRY E. SANCHEZ (State Bar No. 101318)
     Terry.Sanchez@mto.com
2    KATHLEEN M. McDOWELL (State Bar No. 115976)
     Kathleen.McDowell@mto.com
3    MUNGER, TOLLES & OLSON LLP
     355 South Grand Ave.
4    Thirty-Fifth Floor
     Los Ángeles, CA 90071
5    Telephone: (213) 683-9100    **E-filing**
     Facsimile: (213) 687-3702

6

7    VICTORIA L. BOESCH (State Bar No. 228561)
     MUNGER, TOLLES & OLSON LLP
     560 Mission Street, Twenty-Seventh Floor
8    San Francisco, CA 94105-2907
     Telephone: (415) 512-4000
9    Facsimile: (415) 512-4077

10    Attorneys for Defendants
     MERRILL LYNCH, PIERCE, FENNER & SMITH
11    INCORPORATED and MERRILL LYNCH & CO.,
     INC.

12

                 UNITED STATES DISTRICT COURT

13

           NORTHERN DISTRICT OF CALIFORNIA

14

               SAN FRANCISCO DIVISION

15

16    BRADFORD SHAFFER,            CASE NO. **10**    **3943**

17            Plaintiff,            **NOTICE OF REMOVAL OF**

18                          **ACTION UNDER 28 U.S.C. § 1441(a)**
           v.

19

20    MERRILL LYNCH, PIERCE,
     FENNER & SMITH,
     INCORPORATED; MERRILL
21    LYNCH & CO., INC. and DOES 1-    (San Francisco Superior Court Case No.
     150, inclusive,                   CGC-10-502177)

22            Defendant.

23

24

25

26

27

28

ORIGINAL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that defendants Merrill Lynch, Pierce,

3  Fenner & Smith Incorporated and Merrill Lynch & Co., Inc. (hereafter collectively

4  "Defendants") hereby remove the above-captioned matter, which was commenced

5  in the Superior Court of the State of California in and for the City and County of

6  San Francisco as case number CGC-10-502177, to the United States District Court

7  for the Northern District of California, San Francisco/Oakland Division. This

8  Court has jurisdiction over this action based on diversity of citizenship.

9    In support of their Notice of Removal, Defendants state the following:[1]

10    1.    This is a civil action over which this District Court has original

11  jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship, and which

12  Defendants are entitled to remove to this Court pursuant to 28 U.S.C. § 1441(a).

13    2.    This action is removed on the basis of diversity of citizenship in

14  that the matter in controversy exceeds the sum of $75,000, exclusive of interest and

15  costs, and is between citizens of different states. Plaintiff alleges in his Complaint

16  that the Merrill Lynch Defendants wrongfully withheld in excess of $1,000,000

17  from his wages, which he seeks as damages in this case. Complaint ¶¶ 8.e., 25, 35.

18    3.    At the time this action was commenced, and at all times

19  thereafter, Plaintiff was, has been, and still is domiciled in California and a citizen

20  of California. Plaintiff alleges that he was employed by Merrill Lynch in its

21  "California offices" for over 22 years. Complaint ¶ 4. He was employed in the

22  County of San Francisco. *Id.* ¶ 2. According to his employee profile, Plaintiff is a

23  United States citizen resident in California.

24  ///

25  _____

[1]    A removal petition such as the instant pleading must, by rule, be a "short and plain

26  statement of the grounds for removal." 28 U.S.C. § 1446(a). Defendants reserve their right to
submit evidence in support of their factual allegations in response to any challenge to removal

27  and federal jurisdiction in this matter. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n.1 (9th Cir.
2002); *Conley v. Kemper Ins. Companies,* Case No. C 05-02249 MJJ, 2005 WL 2230153 *2 fn. 1

28  (N.D. Cal. Sept. 12, 2005).

11529658.1                     - 2 -              NOTICE OF REMOVAL OF ACTION
                                                  UNDER 28 U.S.C. § 1441(a)

1      4.     At the time this action was commenced, and at all times

2 thereafter, Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner

3 & Smith Incorporated were, have been, and still are, corporations incorporated

4 under the laws of the State of Delaware. Complaint ¶ 1. Defendant Merrill Lynch

5 & Co., Inc., has its principal place of business in Charlotte, North Carolina, while

6 the principal place of business of Defendant Merrill Lynch, Pierce, Fenner & Smith

7 Incorporated is in the City of New York. From their respective headquarters, each

8 corporation's officers direct, control, and coordinate the corporation's activities.

9 *See Hertz Corp. v. Friend*, __ U.S. __, 130 S. Ct. 1181, 1192 (2010) (adopting

10 "nerve center" test to determine corporation's principal place of business). For the

11 purpose of 28 U.S.C. §§ 1332 and 1441(a), neither of the Merrill Lynch Defendants

12 is a citizen of the State of California.

13      5.     The Complaint in the Superior Court action was served on

14 Defendants on or about August 3, 2010. Thus, removal of this action is timely

15 under 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

16 344, 354-55 (1999) (the 30-day deadline for removal under 28 U.S.C. § 1446(b)

17 does not begin to run until formal service is effectuated).

18      6.     The Merrill Lynch Defendants are informed and believe that no

19 "Doe" defendant has been identified, named, joined or served in this action.

20      7.     Removal to the United States District Court for the Northern

21 District of California, San Francisco/Oakland Division, is proper since the

22 Complaint was filed in the Superior Court of California for the City and County of

23 San Francisco, and the alleged events which give rise to the Complaint purportedly

24 took place in the City and County of San Francisco. Complaint ¶ 2.

25      8.     The following documents constitute all of the process,

26 pleadings, and orders received or served by Defendants in this action, true and

27 correct copies of which are attached as exhibits and incorporated herein as part of

28 this Notice:

1    Exhibit 1 - Complaint for Damages

2    Exhibit 2 - Summons on Complaint

3    Exhibit 3 - Civil Cover Sheet

4    Exhibit 4 - Notice to Plaintiff

5    Exhibit 5 - Answer to Complaint

6          BASED ON THE FOREGOING, Defendants hereby remove this

7    action, now pending in the Superior Court of the State of California for the City and

8    County of San Francisco, Case Number CGC-10-502177, to the United States

9    District Court for the Northern District of California.

10

11   DATED: September 1, 2010                MUNGER, TOLLES & OLSON LLP
                                             TERRY E. SANCHEZ
12                                           KATHLEEN M. McDOWELL
                                             VICTORIA L. BOESCH
13

14
                                        By: _____
15                                           Victoria L. Boesch

16                                      Attorneys for Defendants
                                        MERRILL LYNCH, PIERCE, FENNER
17                                      & SMITH INCORPORATED and
                                        MERRILL LYNCH & CO., INC.
18

19

20

21

22

23

24

25

26

27

28

11529658.1                    - 4 -                    NOTICE OF REMOVAL OF ACTION
                                                       UNDER 28 U.S.C. § 1441(a)

Exhibit 1

1   William I. Edlund, State Bar No. 25013
2   Allan N. Littman, State Bar No. 24053
    BARTKO, ZANKEL, TARRANT & MILLER
3   A Professional Corporation
    900 Front Street, Suite 300
4   San Francisco, California 94111
    Telephone: (415) 956-1900
5   Facsimile: (415) 956-1152

6   Attorneys for Plaintiff
    BRADFORD SHAFFER

7

**F I L E D**
Superior Court of California
County of San Francisco

AUG - 3 2010

CLERK OF THE COURT
BY: _Parau_  _Natt_
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JAN - 7 2011   9:00 AM

DEPARTMENT 212

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

CGC · 10 · 5 0 2 1 7 7

| | |
|---|---|
| BRADFORD SHAFFER, | Case No. _____ |
| Plaintiff, | **PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES FOR:** |
| v. | **(1) Discrimination on the Basis of Sex In Violation of the Fair Employment and Housing Act and In Violation of Public Policy (Employment Rights under Fair Employment and Housing Act, Government Code § 12900 *et seq.*);** |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED., MERRILL LYNCH & CO., INC. and DOES 1 to 10, | **(2) Retaliation for Refusal to Surrender Rights (Employment Rights under Fair Employment and Housing Act, Government Code § 12900 *et seq.*);** |
| Defendants. | **(3) Constructive and Wrongful Discharge in Violation of Public Policy (Employment Rights under Fair Employment and Housing Act, Government Code § 12900 *et seq.*);** |
| | **(4) Failure to Timely Pay Wages and In Violation of Public Policy (Labor Code § 200 *et seq.*);** |
| | **(5) Constructive and Wrongful Discharge to Avoid Paying Wages and In Violation of Public Policy (Labor Code § 200, *et seq.*);** |
| | **(6) Wrongful demand to surrender employment rights in violation of public policy (Labor Code §§ 2804 and 2809, Civil Code §§ 52.1 and 1668)** |
| | **JURY TRIAL DEMANDED** |

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
Case No. _____

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Plaintiff Bradford Shaffer ("plaintiff" or "Shaffer") alleges:

## INTRODUCTION

1.      Defendant Merrill, Lynch & Co., Inc., a Delaware corporation, is a financial services holding company whose wholly owned subsidiary, defendant Merrill Lynch, Pierce, Fenner & Smith, Incorporated (collectively "Merrill") is a full-service securities firm engaged in selling securities and other financial products. Merrill is the largest provider of brokerage services in the United States. Merrill employs over 16,000 persons in the United States as Financial Advisors ("FAs") who sell its products and services nationwide and in many California offices, including offices in San Francisco, California.     Brian Riley ("Riley") has been the Manager/Director of Merrill's San Francisco office since approximately November 1, 2006, and prior to that was employed by Merrill in other management positions.

2.      Plaintiff was employed as an FA by defendant Merrill in the City and County of San Francisco, California, where the unlawful conduct occurred.

3.      Does 1 through 10 are sued under fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under a fictitious name was in some manner responsible for and participated in the illegal and wrongful acts alleged in this Complaint, was functioning as the agent and employee of Merrill, and in taking the actions alleged in this Complaint was acting within the course and scope of his or her authority as agent and employee and with the permission and consent of Merrill.

4.      Plaintiff was employed by Merrill as an FA for over 22 years from January 23, 1986 until August 22, 2008 in Merrill's California offices. He and his father, Ron Shaffer, who was employed by Merrill from 1957 to 2002, were successful and respected FAs, and worked together as the Shaffer Team in the San Francisco Merrill office.

-1-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
Case No._____

2265.002/421498.2

5. Defendant Merrill has been and is engaged in a nationwide pattern and practice of sex discrimination against females for over 20 years, and has been sued in lawsuits and arbitration claims for discrimination against females. That litigation included major class actions by the Equal Employment Opportunity Commission in 1974 and private plaintiffs as early as 1996 and up to the present when Merrill was again sued in a class action in Federal Court in June 2009. In addition to these discrimination lawsuits and claims, Merrill was sued in the United States District Court in New Jersey (along with individual Merrill managers including the Manager/Director of Merrill's Philadelphia office). As a result of those lawsuits and claims, Merrill had heightened concerns and was anxious and apprehensive about any claims from any female for discrimination. In particular, Merrill has been concerned about sex discrimination and was sensitive to possible claims by females in its major offices. Merrill attempted to avoid by all means any claims or lawsuits by female FAs for sex discrimination.

6. Merrill discriminated against and compelled, coerced, aided and abetted discrimination against plaintiff, a male, because of his sex and Merrill's concern about and its goal in avoiding a claim against Merrill by another Merrill FA (a woman FA referred to in this Complaint as "SG") that Merrill was discriminating against women in favor of men as part of Merrill's general practice of discriminating against women. Defendants' conduct violated the Fair Employment and Housing Act ("FEHA") at Government Code § 12940, et seq., which prohibits discrimination on the basis of sex and gender.

7. In connection with its goal of avoidance of a discrimination claim by SG, Merrill diverted approximately 50% of Shaffer's wages and paid those wages to SG. Merrill failed and refused to pay Shaffer all of the wages and compensation to which he was entitled or his full compensation when he resigned or at any time. But for Merrill's concern about a sex discrimination claim by SG, Merrill would not have diverted his compensation to her and paid her

-2-

2265.002/421498.2

1    compensation which should have been paid to Shaffer. Had Shaffer been a woman, Merrill would

2    not have favored SG, and he would not have been discriminated against.

3        8.    To achieve its goals, and in violation of public policy of the State of

4    California, California Business and Professions Code § 16600 and Labor Code §§ 202 and 203,

5    Merrill:

6

7        a.    arbitrarily violated its own compulsory employment dispute

8            resolution procedures by refusing to process Shaffer's request for

9            JAMS mediation;

10

11       b.    defendants threatened to discharge Shaffer if he refused to sign a

12           Merrill-prepared document surrendering his rights to full payment by

13           Merrill of his wages and benefits;

14       c.    Threatened, intimidated and coerced Shaffer in attempts to make him

15           surrender his employment rights guaranteed under California law;

16       d.    Merrill constructively and wrongfully discharged Shaffer on

17           August 22, 2008;

18

19       e.    Merrill wrongfully and illegally withheld in excess of $1,000,000,

20           including interest, from Shaffer's wages earned from mid-2004

21           through August 22, 2008 and refused to pay his wages on August 22,

22           2008 or at any time thereafter;

23       f.    as part of Merrill's general pattern and practice with respect to FAs

24           who have taken employment with Merrill competitors, Merrill

25           wrongfully and illegally threatened to enforce, and did enforce,

26                                -3-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
                                                    Case No._____

2265.002/421498.2

against Shaffer a restraint of trade forfeiting over $1,600,000 in account balances of deferred compensation wage awards for work done by Shaffer from 1998 through August 2008 owed to Shaffer by Merrill, which forfeiture was void and unlawful under Business and Professions Code Section 16600;

g.     defendants caused additional damage to Shaffer in the form of: (i) out of pocket expenses to engage counsel to resist Merrill's wrongful employment dispute procedures; (ii) emotional distress; and (iii) loss of reasonably expected income from continuing to serve long-time clients, who Shaffer expected to continue to serve; and

h.     by reason of Merrill's oppression, fraud and malice Shaffer is entitled to recover exemplary damages under Civil Code § 3294.

## FACTS

9.     In 1995, SG transferred to the Merrill San Francisco office. After completing a two-year training period, she became a member of the Shaffer Team in 1998, working in the San Francisco Merrill office specializing in employee stock options business.

10.    In early 2004, SG determined to return to her home in Philadelphia. She represented to plaintiff and to Merrill, and Merrill admits, that SG wanted to continue to work with the Shaffer Team as a team member, that she would develop prospective clients for the Shaffer Team, travelling to California as needed, and continuing to develop and provide services on employee stock option business for the Shaffer Team just as if she were based in San Francisco. She prepared a Team Compensation Agreement to be signed by Merrill, Shaffer and herself, which she represented to Shaffer and Merrill as the standard form of Merrill Team Compensation

-4-

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1159

2265.002/421498.2

Agreement. Shaffer and Merrill's San Francisco District Manager signed it without careful review.

11.     Shortly after signing the SG Team Compensation Agreement, Merrill's San Francisco Manager/Director, James Dullanty reviewed it carefully. He then informed Shaffer and SG that the Agreement was unreasonable and unworkable. Pursuant to his power and authority, and as a party to the Agreement, Dullanty nullified and voided the Agreement. SG, Dullanty and Shaffer agreed to negotiate a new agreement, the signed originals of the old Agreement would be destroyed, and SG promised to prepare a draft and have typed and delivered to Shaffer and Dullanty a new proposed agreement.

12.     Shaffer and the Managing Director destroyed their originals, and the voided SG Agreement was not filed with official or any Merrill office records. Contrary to SG's representations and promise, she secretly kept her copy of the voided Agreement. After she moved to Philadelphia in 2004, SG demanded that Merrill pay her 50% of Shaffer's wages in accordance with the voided Agreement, but did no work for the Shaffer Team.

13.     When SG commenced employment in the Philadelphia office in 2004, Merrill and the Philadelphia Manager/Director were defendants in a sex discrimination case that had been filed in the Federal Court in New Jersey. During the period when SG was employed in the Philadelphia office in June 2004 until she left Merrill in September 2008, she made claims of sex discrimination by Merrill in violation of Federal and state antidiscrimination laws to various Merrill managers and Merrill attorneys. She had not made any sex discrimination claims while she worked in the San Francisco office and never made any sex discrimination claims against plaintiff.

14.     Merrill knew and has admitted in legal pleadings that the Team Compensation Agreement prepared by SG was void and invalid. However, because of Merrill's concern and fear about SG participating in or aiding class litigation for sex discrimination or

-5-

2265.002/421498.2

1 prosecuting an individual sex discrimination charge against Merrill, Merrill made Shaffer a pawn

2 in order to meet her demand that 50% of the wages earned by Shaffer would continue to be

3 diverted by Merrill and paid to her.

4

5 15. Merrill knew that SG had been provided advantages and benefits to which

6 no male employee would have been entitled, and that Merrill was diverting to SG 50% of the

7 Shaffer Team production credits and wages which should have been paid to Shaffer who was

doing the work and entitled to be paid all of his wages.

8

9 16. Shaffer complained about Merrill's continued payment of 50% of his wages

10 to SG, but Merrill delayed or refused any response to Shaffer's requests to stop diverting to SG his

11 compensation. After many months of no action by Merrill about his wages being docked by 50%,

12 and at the recommendation of Merrill's then-Director/Manager, Shaffer on January 6, 2006 filed a

13 mediation request in accordance with Merrill's Employment Dispute Resolution ("EDR")

14 Program, requesting mediation by a mediator independent of Merrill. Pursuant to those authorized

15 and required EDR procedures, Shaffer selected JAMS as the independent mediator and, if not

16 resolved by JAMS mediation, arbitration by an independent JAMS arbitrator, Shaffer was assured

17 that the EDR procedure was in progress and would be performed. It was not.

18

19 17. Riley became the Manager/Director of Merrill's San Francisco complex in

20 November 2006. Almost immediately he learned that Merrill had not responded to Shaffer's

21 request for independent mediation before JAMS and assured Shaffer that the matter would be

resolved as soon as possible. Riley admitted that Shaffer's mediation request was in accordance

22 with Merrill's established Employment Dispute Resolution program. Instead of proceeding in

23 accordance with that required Merrill program, Riley participated in a telephone conference call

24 with the Merrill management team in Philadelphia, and in-house Merrill counsel and outside

25 counsel Michael Fortunato for Merrill, during which they decided that Merrill would not go

26

-6-

BARTKO ZANKEL
900 Front Street, Suite 900
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1 forward with the so requested independent JAMS mediator or JAMS arbitration. Merrill outside

2 counsel wrote Shafer with sham excuses about the mediation not going forward as Merrill had

3 assured Shaffer it would and represented (wrongly) to Shaffer that Merrill was not "an

4 appropriate" party to the dispute. Riley admitted that he did not know and never knew why it was

5 not "appropriate" but Merrill and Riley refused to allow the independent JAMS mediation to go

6 forward.

7

8      18.    Although defendants knew that the Merrill EDR program provided for

9 independent neutral mediation and arbitration, and that Shaffer had selected JAMS, defendants

10 determined instead that there would not be any independent mediation, that Merrill would be the

mediator, that it would select Merrill executives to mediate, and that Merrill would not be a party

to the mediation.

13      19.    After having wrongfully failed to process his request to mediate before

JAMS, which Merrill had represented to Shaffer was a condition precedent to arbitration or a

15 lawsuit by Shaffer against Merrill, Merrill then arranged for an "in house" Merrill mediation in

16 Texas, a so-called neutral venue, and required Shaffer to prepare and submit his arguments in

17 writing to Merrill in advance. But in response to SG's demands and refusals to participate, Merrill

18 did not complete that "in house" mediation or another second "in house" mediation in Texas

19 before Merrill executives arranged by Merrill. Merrill then demanded that Shaffer go to

20 Philadelphia where SG worked in order to participate in a Merrill setup retired judge mediation

21 with SG to which Merrill would not be a party. That mediation failed, but Merrill continued to

22 accede to SG's threats and demands. Knowing that SG's claim was invalid, Merrill continued to

23 divert 50% of Shaffer's wages to SG.

24

25      20.    In a binding arbitration in 2009-2010 between Shaffer and Merrill over its

26 forfeiture of the long term compensation and age awards, but not the 50% of his wages it had been

-7-

2265.002/421498.2

BARTKOZANKEL

900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1 diverting and paying to SG, the Arbitrator determined in an Interim Award dated July 6, 2010 that
2 for four years, Shaffer was whipsawed by Merrill on futile proceedings and sent off by Merrill on a
3 wild goose chase to avoid any independent determination of Shaffer's rights all to Shaffer's
4 disadvantage.

5

6       21.    SG was aware of the sex discrimination litigation against Merrill and of
7 Merrill's concern about sex discrimination claims against females and, following her earlier oral
8 threats, she made a written claim for gender discrimination, asserting violations of federal and state
9 antidiscrimination laws. Merrill then paid her additional amounts of over $300,000 in production
10 credits, and SG agreed with Merrill to withdraw her sex discrimination claim. At some time in
11 early 2008, Merrill also prepared a written "Resolution" which would require Shaffer to release
12 Merrill, to agree to give up any claims he might have against Merrill to recover his lost wages, to
13 consent to Merrill continuing to pay SG large parts of Shaffer's wages for many years and some of
14 his wages forever while he continued to work for Merrill at lower wages, and to give up his
15 employment rights and sign any papers Merrill required. Shaffer refused to agree or to sign away
16 his rights. Riley offered Shaffer $200,000 to sign the Resolution. Shaffer refused to sign the
17 resolution or give up his rights, and in late May 2008, requested that Merrill pay him back what it
18 had been diverting from his wages, pay SG what it chose to pay her out of Merrill's 60% share of
19 the production commissions Shaffer had earned, and pay him his full wages as he earned them.

20       a.    Merrill knew what Shaffer had earned and maintained a written
21 account balance at Merrill for deferred compensation wages under Merrill's compensation plans
22 known as FACAAP, WealthBuilder and Growth (collectively, the "Plans"). In the arbitration
23 referred to in paragraph 21, the Arbitrator in a binding arbitration determined that said Plans were
24 adhesive contracts.

25       b.    The Arbitrator's Interim Award also determined that:

26

-8-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
Case No._____

2265.002/421498.2

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

i.      Merrill has known since at least 1971 that the anti-restraint provisions in those Plans were void under California Business and Professions Code § 16600, that the forfeitures for competing with Merrill were unlawful, and that it could not be evaded by inserting a choice of New York law in the Plans;

ii.      Through regular publication of its forfeiture clauses, Merrill threatened to enforce against Shaffer and other Financial Advisers it employed in California a forfeiture clause it knew was illegal in California;

iii.      Merrill's conduct in publishing and enforcing the forfeiture provisions was part of a coercive plan to punish any California FA who did not succumb to its threat of forfeiture and accepted a position in competition with Merrill;

iv.      Defendants were aware when they were avoiding, delaying and misrepresenting the EDR mediation and arbitration procedure to Shaffer that the forfeitures under the Plans were illegal in California.

v.      Shaffer had engaged counsel at substantial costs to assist him in responding to Merrill's wrongful dispute resolution scheme.

vi.      Defendants knew that they had substantial economic leverage and used it against Shaffer.

22.      Defendants knew that Shaffer had an account balance at Merrill of his deferred earned wages under Merrill's deferred compensation Plans for the past ten years and that he would not know that Merrill was acting illegally when it stated that it could and would forfeit all of those deferred wages if he left Merrill and worked for a competitor of Merrill. Defendants intentionally concealed from Shaffer his rights to the deferred compensation he had earned. Defendants and their attorneys decided to retaliate against Shaffer. In May 2008, Riley told Shaffer that Merrill senior management rejected Shaffer's proposal and he must sign the "Resolution" or quit. Merrill owed him over $750,000 in wages which Merrill had docked and refused to pay him. Riley told Shaffer that Merrill would not pay him these wages or any benefits

-9-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
Case No.

2265.002/421498.2

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   except by his signing the "Resolution" and accepting payments only in accordance with the

2   "Resolution." Riley told him that if he sued Merrill, Merrill would exhaust Shaffer's resources,

3   would keep appealing and Merrill would win.

4

5           23.     Oppressed, frustrated and shocked by Merrill's intolerable and

6   unconscionable conduct, Shaffer recognized he had no alternative except to leave Merrill.

7   Defendants' ultimatum was the last straw and because he knew his career at Merrill had ended,

8   Shaffer resigned on August 22, 2008 having been constructively discharged by Merrill.

9           24.     During all of his employment, Shaffer was a top producer and received

10  many Merrill awards for his services. He was then 48 years old, had planned to work at Merrill for

11  the rest of his working life, and would have done so but for the conduct of Merrill.

12

13          25.     Shaffer left Merrill on August 22, 2008 at which time he was entitled to

14  repayment by Merrill of approximately $1,000,000, including interest, which was wrongfully

15  diverted by Merrill from his wages. In November 2006, when Merrill's outside attorney

16  represented that Shaffer was not entitled to JAMS mediation or arbitration, Shaffer had an account

17  balance of deferred compensation of $3.2 million due to him from Merrill under the Plans. By

18  reason of the decline in the price of Merrill's stock due to other parts of its business, by August

19  2008 that value had declined to $1,626,900. Merrill refused to pay him any of his deferred

20  compensation and forfeited all of his rights because he had taken employment with another

21  brokerage firm.

22          26.     Merrill constructively discharged Shaffer on August 22, 2008 by creating

23  working conditions so intolerable and aggravated that he had no option but to resign.

24

25

26

-10-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
Case No.

2265.002/421498.2

27.     Shaffer timely filed an administrative complaint with the California Department of Fair Employment and Housing against Merrill and received a right to sue letter. Shaffer has exhausted his administrative remedies.

28.     In its conduct toward Shaffer, defendants acted with oppression, fraud and malice toward Shaffer and in reckless disregard of his rights.

## FIRST CAUSE OF ACTION

### (Violation of Government Code § 12900 *et seq.* – Discrimination in Compensation, Terms and Conditions of Employment Based on Sex)

29.     Shaffer realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 28 above.

30.     This cause of action is brought pursuant to Government Code § 12940 et seq. making it illegal for an employer to discriminate against a person in employment compensation, terms or conditions on the basis of his or her sex.

31.     Shaffer is male and is within the protected category of Government Code § 12940(a).

32.     Shaffer was paid approximately 50% of his wages and was paid less than similarly situated employees and subjected to unlawful discriminatory employment practices as prohibited by the laws of the State of California. Merrill intended to discriminate against Shaffer on the basis of his sex, and if he had been female, he would not have been so discriminated against.

33.     The conduct, statements and acts alleged were part of an ongoing and continuing scheme and course of conduct. Merrill knew about and approved this conduct of Riley

-11-

2265.002/421498.2

1   and others acting for Merrill, and intentionally and willfully failed to ensure that its employees and

2   lawyers did not participate in that conduct.

3       34.     As a direct and proximate result of the violations of statute and public

4   policy, Shaffer has suffered and will continue to suffer:

5

6       a.      a substantial reduction in his wages and future income potential

7   serving long-term clients that did not move with him when he left Merrill, and otherwise; and

8       b.      extreme humiliation, depression and emotional distress.

9       35.     The amount of Shaffer's damages is over $1,000,000 from loss of wages

10  and he will seek leave of Court to amend this Complaint when further damages have been

11  ascertained and will prove the same at trial.

12

13      36.     Defendants engaged in this conduct and did these acts with malice, fraud or

14  oppression, and reckless disregard of Shaffer's rights. As a result of these actions, Shaffer is

15  entitled to an award of punitive damages.

16

17      37.     Pursuant to California Government Code § 12965(h), Shaffer requests the

    award of attorneys' fees and costs against Merrill under this cause of action.

18

19                          **SECOND CAUSE OF ACTION**

20                **(Violation of Government Code § 12900 et seq. – Retaliation)**

21      38.     Shaffer realleges and incorporates by reference herein the allegation

22  contained in paragraphs 1 through 28 above.

23      39.     Merrill's continued course of conduct towards Shaffer and, ultimately, his

24  constructive discharge, was in violation of public policy embodied in Government Code

25  § 12940(b), which prohibits an employer from discriminating against an employee because that

26  employee opposes any act prohibited by FEHA.

                                    -12-

                    PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
                                                    Case No._____

2265.002/421498.2

40.    Shaffer was constructively discharged from his employment by Merrill and discriminated against on the basis of his sex because he refused to sign the "Resolution" or give up his rights to not be discriminated against and to sign Merrill's "resolution."

41.    The conduct, statements and acts alleged were part of an ongoing and continuing course of conduct by Merrill. Merrill knew about and approved this conduct, and intentionally and willfully failed to ensure that its employees and lawyers did not participate in that conduct.

42.    As a direct and proximate result of the violations of statute and public policy, Shaffer has suffered and will continue to suffer:

   a.    A substantial reduction in his wages and future income potential;

   b.    A substantial injury and damage to his professional reputation; and

   c.    Extreme humiliation, depression and emotional distress.

43.    The amount of Shaffer's damages is over $1,000,000 from loss of wages and he will seek leave of Court to amend this Complaint when further damages have been ascertained or will prove the same at trial.

44.    Merrill engaged in this conduct and did these acts with malice, fraud or oppression, and reckless disregard of Shaffer's rights. As a result of these actions, Shaffer is entitled to an award of punitive damages.

45.    Pursuant to California Government Code § 12965(h), Shaffer requests the award of attorneys' fees against Merrill under this cause of action.

-13-

2265.002/421498.2

1

2

## THIRD CAUSE OF ACTION

### (Violation of Government Code § 12900 *et seq.* – Wrongful Termination)

3
4

46. Shaffer realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 28 above.

5
6
7
8

47. This cause of action is brought pursuant to Government Code § 12900 et seq. making it illegal for an employer to discharge a person from employment on the basis of his or her sex.

9
10

48. Shaffer was discharged from his employment and discriminated against on the basis of his sex.

11
12
13
14
15

49. In constructively discharging him, Shaffer was treated differently than similarly situated employees and otherwise was subjected to unlawful discriminatory employment practices as prohibited by the laws of California. Merrill, in engaging in this conduct, intended to discriminate against Shaffer on the basis of his sex.

16
17
18
19
20
21

50. The conduct, statements and acts by Merrill were part of an ongoing and continuing scheme and course of conduct. Merrill knew about all these circumstances and ratified the wrongs and injuries alleged when it was able to prevent, remedy and/or correct these wrongs. Merrill further intentionally and willfully failed to ensure that its employees were informed of the law relevant to their duties and to ensure that employees would not be required to participate in illegal conduct.

22
23
24

51. As a direct and proximate result of the violations of statute and public policy, Shaffer has suffered and will continue to suffer:

25

      a.     A substantial reduction in his wages and future income potential;

26

      b.     A substantial injury and damage to his professional reputation; and

-14-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
Case No.

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

2265.002/421498.2

1          c.    Extreme humiliation, depression and emotional distress.

2    52.    The amount of Shaffer's damages is not presently known but he will seek

3 leave of Court to amend this Complaint when the amount of such damages has been ascertained

4 and will prove the same at trial.

5

6    53.    Merrill engaged in this conduct and did these acts with malice, fraud or

7 oppression, and reckless disregard of Shaffer's rights. As a result of these and other actions,

8 Shaffer is entitled to an award of punitive damages.

9    54.    Pursuant to California Government Code § 12965(h), Shaffer requests the

10 award of attorneys' fees against Merrill under this cause of action.

## FOURTH CAUSE OF ACTION

### (Violations of Labor Code §§ 200 *et seq.*)

55.    Shaffer realleges and incorporates by reference herein the allegations
contained in paragraphs 1 through 28 above.

56.    When Merrill constructively discharged Shaffer on August 22, 2008, Merrill
failed and refused to pay the wages owed to him then or thereafter.

57.    Pursuant to Labor Code § 202, it is unlawful for an employer to willfully
fail to pay an employee compensation due at the time of termination. Merrill never paid the wages
owed. Shaffer brings this action under Labor Code § 203 which provides that if an employer
willfully fails to pay any wages and benefits of an employee who is discharged, the wages of such
employee shall continue to accrue from the date thereafter at the same rate.

58.    More than thirty (30) days have passed since Shaffer was terminated by
Merrill, and over $750,000 wages have not been paid to him.

-15-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
Case No._____

2265.002/421498.2

59.     As a consequence of Merrill's willful conduct in not paying Shaffer his wages due upon termination, Shaffer is also entitled to thirty days of wages as penalty wages under Labor Code § 203, together with interest thereon.

60.     Shaffer requests the award of attorneys' fees and costs pursuant to Labor Code §§ 203 and 218.5.

## FIFTH CAUSE OF ACTION

**(Termination to Avoid Paying Wages – Labor Code §§ 200 *et seq.*)**

61.     Shaffer realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

62.     Merrill constructively discharged Shaffer on August 22, 2008 in order to avoid paying him over $750,000 in wages and over $1 million in deferred compensation. Merrill's termination of Shaffer to avoid paying him wages and benefits to which he is entitled violates public policy as stated in Labor Code §§ 202 and 203.

63.     As a direct and proximate result of the violations of statute and public policy, Shaffer has suffered and will continue to suffer:

    a.     Loss of past wages owed:

    b.     A substantial reduction in his wages and future income potential;

    c.     A substantial injury and damage to his professional reputation; and

    d.     Extreme humiliation, depression and emotional distress.

-16-

2265.002/421498.2

1  64. The amount of Shaffer's damages is not presently known but he will seek
2  leave of Court to amend this Complaint when the amount of such damages has been ascertained
3  and will prove the same at trial.

4
5  65. Merrill engaged in this conduct and did these acts with malice, fraud or
   oppression, and reckless disregard of Shaffer's rights. As a result of these and other actions,
6  Shaffer is entitled to an award of punitive damages.
7

8  66. Shaffer requests an award of attorneys' fees and costs pursuant to Labor
9  code §§ 203 and 218.5.

10

11                              **SIXTH CAUSE OF ACTION**

12  **(Wrongful Demand to Surrender Employee Rights - Violation of Labor Code §§ 2804 and**
13                          **2809, and Civil Code §§ 52.1 and 1668.)**

14  67. Shaffer realleges and incorporates by reference the allegations contained in
    paragraphs 1 through 28 above.
15

16  68. Merrill threatened Shaffer with termination if he failed to sign the
17  Resolution in violation of California public policy set forth under Civil Code § 1668, and Labor
18  Code §§ 2804 and 2809, and by intimidation and restraint enforced those threats causing him to
19  leave Merrill. Merrill's conduct avoided reporting to Shaffer his account balances and avoided
20  paying Shaffer over $750,000 wages and over $1 million in deferred compensation. Merrill's
21  enforcement of its threats violated Civil Code § 52.1.

22
    69. As a direct and proximate result of the violations of statutes and public
23  policy, Shaffer has suffered and will continue to suffer:
24

25          a.  A loss of past wages; and

26          b.  Extreme humiliation, depression and emotional distress.
                                    -17-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
                                          Case No._____

2265.002/421498.2

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    70.    The amount of Shaffer's damages is not presently known but he will seek

2  leave of Court to amend this Complaint when the amount of such damages has been ascertained

3  and will prove the same at trial.

### PRAYER FOR RELIEF

Based upon the foregoing, Shaffer is entitled to restitution, damages and attorney

fees and costs from defendants as follows:

1.    Restitution and damages from Merrill in the amount of Shaffer's wages

withheld from him during 2004-2008, with interest;

2.    General damages against Merrill in accordance with proof at trial;

3.    Compensatory damages in an amount to be determined by the jury against

Merrill for its conduct in injuring and damaging Shaffer's career and reducing his earnings during

2004 and to the present;

4.    Exemplary damages against defendants pursuant to Civil Codes § 3294 in

an amount to be determined by the jury; and

5.    Attorneys' fees and costs.

DATED: August 3, 2010

> BARTKO, ZANKEL, TARRANT & MILLER
> A Professional Corporation
>
> By _____
> William Edlund
> Attorneys for Plaintiff
> BRADFORD SHAFFER

-18-

PLAINTIFF BRADFORD SHAFFER'S COMPLAINT FOR DAMAGES
                                    Case No._____

2265.002/421498.2

Exhibit 2

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** Merrill Lynch, Pierce, Fenner &
**(AVISO AL DEMANDADO):** Smith Incorporated, Merrill Lynch
& Co., Inc. and Does 1 to 10

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** Bradford Shaffer
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court | 10 502177 |
| 400 McAllister Street | |
| San Francisco, CA 94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Edlund, State Bar #25013     415-956-1900     415-956-1152
Allan N. Littman, State Bar #24053
Bartko, Zankel, Tarrant & Miller
San Francisco, CA 94111     **CLERK OF THE COURT**

DATE: **AUG 0 4 2010**          Clerk, by _____, Deputy
*(Fecha)*                       *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William Edlund, State Bar #25013
Allan N. Littman, State Bar #24053
Bartko, Zankel, Tarrant & Miller
900 Front Street, Suite 300
San Francisco, CA 94111
TELEPHONE NO.: 415-956-1900    FAX NO.: 415-956-1152
ATTORNEY FOR (Name): Bradford Shaffer

**FILED**
Superior Court of California
County of San Francisco

AUG - 9 2010

CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME:

CASE NAME:    Shaffer v. Merrill Lynch, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-10-502177<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:
William Edlund, State Bar #25013
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>& Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

Exhibit 4

CASE NUMBER: CGC-10-502177 BRADFORD SHAFFER VS. MERRILL LYNCH, PIERCE, FENN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **JAN-07-2011**

**TIME:** **9:00AM**

**PLACE:** **Department 212**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
**without an appearance** at the case management conference if the case management
statement is filed, served and lodged in Department 212
twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each
defendant along with the complaint. All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the Alternative Dispute Resolution Information
Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

Exhibit 5

1  TERRY E. SANCHEZ (State Bar No. 101318)
   KATHLEEN M. McDOWELL (State Bar No. 115976)
2  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
3  Los Angeles, CA 90071-1560
   Telephone:   (213) 683-9100
4  Facsimile:   (213) 687-3702

5  VICTORIA L. BOESCH (State Bar No. 228561)
   MUNGER, TOLLES & OLSON LLP
6  560 Mission Street, Twenty-Seventh Floor
   San Francisco, CA 94105-2907
7  Telephone:   (415) 512-4000
   Facsimile:   (415) 512-4077
8
   Attorneys for Defendants
9  MERRILL LYNCH, PIERCE, FENNER & SMITH
   INCORPORATED and MERRILL LYNCH & CO., INC.
10

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

SEP 01 2010

CLERK OF THE COURT
BY: ___ MICHAEL RAYRAY
                          Deputy Clerk

11          SUPERIOR COURT OF CALIFORNIA OF THE STATE OF CALIFORNIA

12              IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

13

14  BRADFORD SHAFFER,                      CASE NO. CGC-10-502177

15          Plaintiff,
                                          **ANSWER TO COMPLAINT**
16      vs.

17  MERRILL LYNCH, PIERCE, FENNER &
    SMITH, INCORPORATED; MERRILL
18  LYNCH & CO., INC. and DOES 1-150,
    inclusive,                            **Complaint Filed: August 3, 2010**
19
            Defendants.                   **Trial Date:      None set**
20

21

22          Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated and Merrill

23  Lynch & Co., Inc. ("Defendants"), for themselves and no other defendants, hereby answer the

24  unverified Complaint of Plaintiff Bradford Shaffer ("Plaintiff") as follows:

25                              **GENERAL DENIAL**

26          Pursuant to California Code of Civil Procedure § 431.30(d), which permits a

27  general denial to an unverified complaint, Defendants deny each and every material allegation in

28  each of the causes of action asserted in Plaintiff's Complaint. Defendants further deny that any of

    11529706.1                        - 1 -

1   Plaintiff's rights were violated or that he has suffered any damages whatsoever as a consequence

2   of Defendants' actions. Defendants also deny that Plaintiff is entitled to any legal or equitable

3   relief whatsoever.

4           Without admitting any of the allegations in Plaintiff's Complaint, any wrongful

5   conduct, or that they have the burden of proof on any of the following issues, Defendants assert

6   the following separate and independent affirmative defenses:

7                      **AFFIRMATIVE DEFENSES**

8                  **FIRST AFFIRMATIVE DEFENSE**

9                (Failure to State a Cause of Action)

10        1.     The Complaint, and each purported cause of action contained therein, is

11   barred because it fails to state facts sufficient to constitute a cause of action against Defendants.

12                 **SECOND AFFIRMATIVE DEFENSE**

13             (Res Judicata/Collateral Estoppel)

14        2.     The Complaint, and each purported cause of action contained therein, is

15   barred by the doctrines of res judicata and/or collateral estoppel, including the rule against claim-

16   splitting.

17                  **THIRD AFFIRMATIVE DEFENSE**

18           (Legitimate Reason for Challenged Actions)

19        3.     Plaintiff's purported causes of action for discrimination and retaliation fail

20   because any actions or decisions Defendants made with respect to Plaintiff were done for

21   legitimate, non-discriminatory, and/or non-retaliatory reasons unrelated to Plaintiff's sex,

22   Plaintiff's alleged exercise of any employment rights or other rights under the California Fair

23   Employment and Housing Act, Government Code, or Labor Code, or any other protected activity

24   or basis.

25   ///

26   ///

27   ///

28   ///

11529706.1

1

## FOURTH AFFIRMATIVE DEFENSE

2

(Failure to Mitigate)

3     4.     Defendants are informed and believe and on that basis allege that Plaintiff

4     has failed to mitigate his damages, if any, and any damages awarded to Plaintiff should be

5     reduced accordingly.

6

## FIFTH AFFIRMATIVE DEFENSE

7

(Worker's Compensation Exclusive Remedy)

8     5.     Plaintiff's causes of action are barred, in whole or in part, because

9     Plaintiff's exclusive remedy for workplace injuries, including emotional injuries, is set forth in

10    the Worker's Compensation laws of the State of California, including without limitation,

11    California Labor Code Section 3200 *et seq.*

12

## SIXTH AFFIRMATIVE DEFENSE

13

(Good Faith)

14    6.     Without admitting any wrongful conduct by Defendants, Defendants acted

15    in good faith and had sufficient cause for the complained-of actions directed toward Plaintiff.

16

## SEVENTH AFFIRMATIVE DEFENSE

17

(Mandatory Arbitration)

18    7.     Plaintiff signed documents and/or agreements that require him to arbitrate

19    all or part of his disputes with Merrill Lynch and, therefore, Plaintiff's claims are subject to

20    mandatory arbitration.

21

## EIGHTH AFFIRMATIVE DEFENSE

22

(Justification/Privilege)

23    8.     Without waiving its position that Plaintiff bears the burden of proof on this

24    issue, Defendants allege that any actions taken by Defendants as alleged in the Complaint were

25    and are protected by the doctrines of justification and/or privilege, including managerial privilege

26    and competition privilege.

27    ///

28    ///

11529706.1                              - 3 -

ANSWER TO COMPLAINT

1

## NINTH AFFIRMATIVE DEFENSE

2

(No Intentional Wrongdoing)

3      9.     Defendants state that none of their acts were willful, malicious, in bad

4  faith, or motivated by ill-will or fraud. Rather, their acts were privileged, proper, and taken in

5  accordance with their rights as set forth by statute and/or law.

6

## TENTH AFFIRMATIVE DEFENSE

7

(Punitive Damages Would Be Unconstitutional)

8      10.    Plaintiff's request for punitive damages is barred by the First, Fifth, Eighth,

9  and Fourteenth Amendments to the Constitution of the United States, and is invalid on its face

10  and/or as applied to Defendants because it contravenes the rights guaranteed under the aforesaid

11  amendments.

12

## ELEVENTH AFFIRMATIVE DEFENSE

13

(No Oppression, Fraud or Malice)

14      11.    Plaintiff is not entitled to recover punitive or exemplary damages because

15  Plaintiff has failed to allege facts sufficient to state a claim for such damages or to show that

16  Defendants are guilty of oppression, fraud, or malice, or that Defendants acted with reckless

17  indifference to Plaintiff's rights.

18

## TWELFTH AFFIRMATIVE DEFENSE

19

(Laches, Waiver, Estoppel, Unclean Hands)

20      12.    Plaintiff's causes of action are barred, in whole or in part, by the doctrines

21  of laches, waiver, estoppel, and/or unclean hands.

22

## THIRTEENTH AFFIRMATIVE DEFENSE

23

(Plaintiff's Own Conduct)

24      13.    Plaintiff's causes of action are barred, in whole or in part, because if

25  Plaintiff was damaged in any way as a result of the matters alleged in the Complaint, the damage

26  or injury was due wholly or in part to Plaintiff's own intentional or negligent conduct.

27  ///

28  ///

11529706.1                          - 4 -

ANSWER TO COMPLAINT

1      **FOURTEENTH AFFIRMATIVE DEFENSE**

2      (Avoidable Consequences)

3      14.    Plaintiff unreasonably failed to report and/or delayed reporting any alleged

4 improper conduct to Defendants pursuant to its anti-discrimination policies and hence he is not

5 entitled to damages under the avoidable consequence doctrine.

6      **FIFTEENTH AFFIRMATIVE DEFENSE**

7      (At-Will Employee)

8      15.    Without admitting any wrongful conduct by Defendants, Defendants allege

9 that Plaintiff was an at-will employee who could be discharged with or without cause under

10 California Labor Code Section 2922.

11      **SIXTEENTH AFFIRMATIVE DEFENSE**

12      (Abatement)

13      16.    Plaintiff's claims are barred by the doctrine of abatement, in that there is

14 pending an earlier-filed proceeding raising the same claims/damages.

15      **SEVENTEENTH AFFIRMATIVE DEFENSE**

16      (Dual Motive)

17      17.    Assuming that there had been any discriminatory motive (which there was

18 not), the adverse action would have occurred anyway and Defendants are therefore not liable.

19      **EIGHTEENTH AFFIRMATIVE DEFENSE**

20      (Failure to Exhaust Administrative or Internal Remedies)

21      18.    Plaintiff's causes of action are barred, in whole or in part, to the extent he

22 failed to properly and/or timely exhaust his administrative or internal remedies.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

11529706.1      - 5 -

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

(No Managing Agents)

3              19.    Plaintiff's causes of action are barred, in whole or in part, because

4 Defendants neither authorized nor ratified any wrongful conduct by any employee, agent, or

5 representative and, as a result, cannot be held liable for punitive or exemplary damages.

6 Furthermore, none of its employees who are alleged to have committed wrongful acts were

7 managing agents of Defendants.

8

## TWENTIETH AFFIRMATIVE DEFENSE

9

(Statute of Limitations)

10          20.    Plaintiff's causes of action are barred, in whole or in part, by the relevant

11 statute of limitations. For example, the statute of limitations on Plaintiff's claims for unpaid

12 wages is three years. Cal. Code Civ. Proc. § 338. The statute of limitations on Plaintiff's claims

13 for discrimination, retaliation, and wrongful termination is one year. Cal. Gov't Code § 12960.

14

## TWENTY-FIRST AFFIRMATIVE DEFENSE

15

(ERISA pre-emption)

16          21.    Claimant's claims, to the extent they are premised on his alleged

17 entitlement to retirement benefits, are pre-empted by the Employment Retirement and Income

18 Security Act of 1974 ("ERISA").

19

## TWENTY-SECOND AFFIRMATIVE DEFENSE

20          22.    Defendants state that they currently have insufficient knowledge or

21 information on which to form a belief as to whether they may have additional, as yet unstated,

22 affirmative defenses available. Defendants reserve the right to assert additional affirmative

23 defenses in the event that discovery indicates they would be appropriate.

24

25         WHEREFORE, Defendants respectfully request:

26         (a)    Plaintiff take nothing by his Complaint and that the action be dismissed

27 with prejudice;

28 ///

1    (b)  that Defendants be awarded their costs and expenses incurred in defending

2 this action, together with reasonable attorneys' fees; and

3    (c)  that Defendants be granted such other and further relief as this Court may

4 deem just and proper.

5

6 DATED: September 1, 2010     MUNGER, TOLLES & OLSON LLP
               TERRY E. SANCHEZ
7               KATHLEEN M. McDOWELL
               VICTORIA L. BOESCH
8

9

               By:
10                   Victoria L. Boesch

11             Attorneys for Defendants
             MERRILL LYNCH, PIERCE, FENNER &
12             SMITH INCORPORATED and MERRILL
             LYNCH & CO, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11529706.1           - 7 -

ANSWER TO COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO:

I, the undersigned, declare that I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California 94105-2907.

On September 1, 2010, I served upon the interested party(ies) in this action the foregoing document(s) described as:

## ANSWER TO COMPLAINT

☒ By placing ☐ the original(s) ☒ a true and correct copy(ies) thereof, as set out below, in an addressed, sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) set forth on the service list.

☒ **BY MAIL (AS INDICATED ON THE SERVICE LIST)** I caused such envelope(s) to be placed in interoffice mail for collection and deposit in the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

☒ **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2010, at San Francisco, California.

_____
Shawna Clement

**Service List:**

William I. Edlund
Allan N. Littman
BARTKO, ZANKEL, TARRANT & MILLER
900 Front Street, Suite 300
San Francisco, CA 94111

11577414.1

- 1 -