1   WILLIAM I. EDLUND (SBN 25013)
    bedlund@bztm.com
2   ROBERT H. BUNZEL (SBN 99395)
    rbunzel@bztm.com
3   HOWARD I. MILLER (SBN 251878)
    hmiller@bztm.com
4   BARTKO, ZANKEL, TARRANT & MILLER
    A Professional Corporation
5   900 Front Street, Suite 300
    San Francisco, CA 94111
6   Telephone:    (415) 956-1900
    Facsimile:    (415) 512-4077
7
    Attorneys for Plaintiff
8   BRADFORD SHAFFER

9                  UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13  BRADFORD SHAFFER,                    ) Case No. C 10-03943-CRB
                                         )
14          Plaintiff,                   ) (San Francisco Superior Court
                                         ) Case No. CGC-10-502177)
15     v.                                )
                                         ) **NOTICE OF MOTION AND MOTION**
16  MERRILL LYNCH, PIERCE, FENNER &      ) **FOR ORDER COLLATERALLY**
    SMITH, INCORPORATED; MERRILL         ) **ESTOPPING DEFENDANTS BASED**
17  LYNCH & CO., INC. and DOES 1-150,    ) **ON CONFIRMED ARBITRATION**
                                         ) **DECISION; MEMORANDUM OF**
18          Defendants.                  ) **POINTS AND AUTHORITIES**
                                         )
19                                       ) Hearing Date:   July 8, 2011
                                         ) Time:           10:00 a.m.
20                                       ) Judge:          Charles R. Breyer
                                         ) Dept.:          8
21                                       )
                                         )
22                                       ) Complaint Filed: August 3, 2010
                                         ) Trial Date:      None Set

23                  **NOTICE OF MOTION AND MOTION**

24  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25          PLEASE TAKE NOTICE THAT on July 8, 2011 at 10:00 a.m. in Department 8 of

26  the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA, plaintiff

27  Bradford Shaffer ("Shaffer") will, and hereby does, move the Court for an Order that defendants

28

(left margin vertical text) BARTKOZANKEL   Bartko Zankel Tarrant Miller Lovitt & Harman, Inc. of Counsel   900 Front Street, Suite 300   San Francisco, CA 94111   Phone (415) 956-1900 • Fax (415) 956-1152

1    Merrill Lynch Pierce Fenner & Smith Incorporated and Merrill Lynch & Co. (collectively

2    "Merrill") are collaterally estopped from re-litigating the issues set forth at § II 1-9 of the

3    following attached Memorandum of Points and Authorities, and which are common to this case

4    and to the prior JAMS arbitration No. 110059206, between the same parties, and were determined

5    in the JAMS arbitration confirmed on April 8, 2011 in action no. 11-CV-00303 CRB as a

6    Judgment of this Court.

7            This motion will be pursuant to the Court Order dated April 1, 2011 and will be

8    based upon this Notice of Motion and Motion and the following attached Memorandum of Points

9    and Authorities, the supporting Declaration of William I. Edlund, served and filed concurrently

10   herewith, and the papers and records on file herein, and on such oral and documentary evidence as

11   may be presented at the hearing on the motion.

12

13   DATED:  June 3, 2011

14                                              BARTKO, ZANKEL, TARRANT & MILLER
                                                A Professional Corporation
15

16                                              By _____
17                                                      William I. Edlund
                                                        Attorneys for Plaintiff
18                                                      BRADFORD SHAFFER

19

20

21

22

23

24

25

26

27

28

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

2265.002/509549.1

## TABLE OF CONTENTS

I.   BACKGROUND: THE PARTIES, TIME PERIOD, AND CONTEXT OF THIS ACTION AND THE ARBITRATION ARE THE SAME...........1

II.   SEVERAL IMPORTANT COMMON ISSUES WERE DETERMINED BY JAMS ARBITRATION...........2

III.   LEGAL ARGUMENT...........8

   A.   The Confirmed Arbitration Award Has Preclusive, Collateral Estoppel, Effect...........8

   B.   Issues Determined in The JAMS Arbitration Cannot Be Re-litigated in This Action...........10

      1.   Issues Presented in This Action are Identical to Issues Raised in The Previous Arbitration...........10

      2.   Issues Were Litigated in the Arbitration...........11

      3.   The Issues Were Necessarily Decided by The Arbitration...........11

IV.   CONCLUSION...........12

-i-

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Costantini, v. Trans World Airlines
    681 F.2d 1199 (9th Cir. 1982) ..................................................................................9

Jacobs v. CBS Broadcasting Inc.
    291 F.3d 1173 (9th Cir. 2002) .................................................................................8

Kamilche Co. v. United States
    53 F.3d 1059 (9th Cir. 1995) opinion amended on reh'g sub nom. Kamilche v. United
    States, 75 F.3d 1391 (9th Cir. 1996)................................................................10, 11

Roderick v. Mazzetti & Associates, Inc.
    C 04-2436 MHP, 2005 WL 3797122 (N.D. Cal. Oct. 27, 2005)....................9, 10, 11

Santopadre v. Pelican Homestead & Sav. Ass'n
    937 F.2d 268 (5th Cir. 1991) .................................................................................11

The Evergreens v. Nunan
    141 F.2d 927 (2d Cir. 1944) ..................................................................................11

Trevino v. Gates
    99 F.3d 911 (9th Cir. 1996) holding modified by Navarro v. Block, 250 F.3d 729 (9th
    Cir. 2001)..............................................................................................................11

**STATUTES**

California Civil Code
    Section 52.1(b)........................................................................................................1
    Section 3294 ...........................................................................................................1

**OTHER AUTHORITIES**

18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4402 (1981) .................9

**BARTKOZANKEL**
Bartko Zankel · Tarrant · Miller · Lewit & Hamon, Inc. · of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-ii-

## MEMORANDUM OF POINTS AND AUTHORITIES

This case involves several important issues determined by Judge James Warren (Ret.) in his Final Award ("Award"), confirmed after review as a Judgment (*Shaffer v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, Case No. 11-00303-CRB (Docket 48) in favor of plaintiff Bradford Shaffer ("Shaffer") and against defendants ("Merrill").[1]   That Judgment collaterally estops Merrill from further contesting those determined issues.

The arbitration was an adjudicatory proceeding.  It was conducted in a judicial and adversarial manner; the witnesses were required to testify under oath; the determination involved the adjudicatory application of rules; Judge Warren was an informed arbitrator; the parties had all of the judicially accepted discovery rights; and a court reporter recorded the trial.  The Award was adjudicatory, was a reasoned decision, and after judicial review was confirmed by this Court (Dkt. 48).  The issues that were previously litigated are those that were put in issue and after a full and fair opportunity by the same parties to litigate the issues, determined by the Arbitrator in that 56 page reasoned decision.  The issues litigated in the Arbitration collaterally estop Merrill from re-litigating them, again, in this case.

I.   **BACKGROUND:  THE PARTIES, TIME PERIOD, AND CONTEXT OF THIS ACTION AND THE ARBITRATION ARE THE SAME.**

Plaintiff's complaint (Dkt. 1, pp. 6-24), generally denied by Merrill (Dkt. 1, pp. 32-39), alleges the following:  Shaffer was a long-term Merrill Financial Advisor ("FA"), having gone to work for Merrill in 1986 until he was forced to resign on August 22, 2008.  He was in a

---

[1]   That Judgment incorporating the Award will be referred to in this memorandum as "Dkt. 48" with the appropriate page number from the bottom of the page and line number.  The concurrently filed Declaration of William Edlund in Support of Motion Collaterally Estopping Defendants Based On Confirmed Arbitration Decision will be referred to as "Edlund Decl." with the appropriate Exhibits and pages as "Exh. A, p. 5:11-14."  The pleadings are attached as the following Exhibits:   Exhibit A, Shaffer July 10, 2009 Demand for Arbitration before JAMS; Exh. B, Shaffer Claims Served November 3, 2009; Exh. C, Respondents' Answer and Affirmative Defenses, dated August 14, 2009; Exh. D, Respondents' Amended Answer and Affirmative Defenses to Shaffer's Claims under California Civil Code §§ 52.1(b) and 3294, dated December 2, 2009.  Other documents attached include pages from arguments further reflecting issues in dispute and resolved during the arbitration.

-1-

BARTKO ZANKEL
Bartko Zankel Tarrant Miller • Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

wage dispute with Merrill growing out of an agreement signed by Merrill's San Francisco director, Shaffer and another FA, the former fiancée of Shaffer, Saundra Genoni, in March 2004.  After the agreement was voided by Merrill a few days after it was signed, Shaffer demanded that Merrill pay him all of his wages.  Merrill refused and diverted approximately 50% of his wages to the other FA and rejected Shaffer's demand for his full compensation.  After months of delay and no action by Merrill, Shaffer filed a mediation request in accordance with Merrill's employment procedures; he requested JAMS mediation and, if necessary, arbitration by an independent JAMS arbitrator. Merrill delayed for months in responding to Shaffer's request and ultimately rejected the request as "inappropriate."  Merrill continued to delay, raise obstacles and avoid treating with Shaffer's wage dispute, engaged in a long stall of Shaffer's requests in order to mollify the woman FA and attempt to avoid a sex discrimination claim by her.  Merrill finally demanded that Shaffer sign a cram down "resolution" to satisfy the other FA and told Shaffer it was a "take it or leave it" proposition. Merrill's demand forced Shaffer to leave, bringing his career at Merrill to an end.  All of Merrill's conduct wrongfully discriminated against Shaffer because he was a male.

On December 6, 2010, Judge Warren issued the Final Award (Dkt. 48) in the JAMS arbitration.  The arbitration involved the same parties as this action, and each was represented by experienced and knowledgeable counsel (Edlund Decl. ¶ 3).  It covered the same time frame had the same context, the same expected witnesses and evidence as this action.  *Id*; Section II, *infra*; Edlund Decl. ¶ 9.  Important issues here are identical to issues that were raised during the arbitration, presented to the Arbitrator and determined by the Award.  (Edlund Decl. ¶10.)

## II.   SEVERAL IMPORTANT COMMON ISSUES WERE DETERMINED BY JAMS ARBITRATION

The following issues are common to this case and the JAMS arbitration.

1.   Shaffer Left Merrill Due to Merrill's Failure to Pay Shaffer His Earned Income. Shaffer pleaded that he was not terminated for misconduct or for cause.  ("Shaffer

-2-

BARTKO ZANKEL
Bartko Zankel Tarrant Miller Lowitt & Harmon, Inc. of Counsel
900 Front Street, Suite 800
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Statement," Edlund Decl. ¶ 2, Exh. A, p. 2:10-11.)   Merrill denied Shaffer's allegations. (Respondent's Answer and Affirmative Defenses, ("Respondent's Answer"), Edlund Decl. ¶ 2, Exh. B p. 5:13-14, First Affirmative Defense, Seventeenth Affirmative Defense.)   Shaffer's constructive discharge and termination is in issue here (Complaint ["Cpt."], ¶¶ 23, 26 (Dkt. 1)).   In addressing this issue, Judge Warren necessarily determined the following:

(a)    Merrill's "take it or leave it" demand with regard to Merrill's resolution of the wage dispute between Shaffer and Merrill was the "straw that broke his [Shaffer's] back and forced him to leave" employment with Merrill (Dkt. 48, pp. 28:2-8; 32:13-18; 34:2-4); and

(b)    During the four-year period ending in August 2008, Merrill failed to pay Shaffer the income he earned (Dkt. 48, p. 21-23; 27:19-20; 33:27-34:2; 38:3-4).

2.    <u>Shaffer's Compensation was Wages</u>. Merrill argued that the deferred compensation under Merrill's deferred benefit plans ("Plans") was not "wages" (Dkt. 48, pp. 14-15), but only a bonus or a "bonus plan" or a "profit sharing plan." (Edlund Decl., ¶9, Exh. E.)   That issue is involved here (Cpt., ¶¶ 25, 55-59, 62-63).   Judge Warren necessarily determined that Shaffer's compensation from Merrill was "wages." (Dkt. 48, pp. 3:10-12; 14-15.)

3.    <u>Merrill Acted in Bad Faith and Contrary to its Stated Corporate Principles</u>. Shaffer pleaded that Merrill knowingly and in bad faith enforced its invalid anticompetitive Plan provisions that forfeited Shaffer's deferred compensation in the event he began work with one of Merrill's competitors (Edlund Decl. ¶ 2, Exh. A, Shaffer Statement, pp. 3:8-4:7 and Exh. C Shaffer Claim, p. 3:6-17).   Merrill denied it and pleaded and argued that he left voluntarily (Edlund Decl. ¶ 2, Exh. B, Respondents' Answer, pp. 1:7-9; 5:10-15, First Affirmative Defense; Tenth Affirmative Defense (justification); Thirteenth Affirmative Defense (no legal obligation to pay compensation) and Exh. D, Amended Answer, pp. 2:11-12; 5:11-12; Fourth Affirmative Defense (no malice, oppression or fraud by Merrill), and Seventh Affirmative Defense (no bad faith by Merrill).   The same issue is present in this action (Cpt., ¶¶ 21-22, 25, 55-63).   Judge Warren necessarily determined the following issues:

-3-

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER**
Case No. C 10-03943-CRB

BARTKOZANKEL
Bartko Zankel Tarrant Miller Lovitt & Hannan, Inc., of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

(a) Merrill's corporate culture is based on announced Principles with one of its goals to "comply fully with the letter and spirit of laws, rules, and practices that govern Merrill Lynch around the world," including California, and Merrill's conduct was inconsistent with that culture (Dkt. 48, pp. 17:22-24; 39:22-40:2);

(b) Merrill's announced Principles of Responsible Citizenship require Merrill to "recognize, follow and respect all customs, norms and laws where Merrill Lynch conducts business," including California, and Merrill knowingly violated California law (Dkt. 48, pp. 17:24-18:1; 32:21-33:1);

(c) Merrill knowingly violated California law about paying compensation to Shaffer (Dkt. 48, pp. 3:11-12; 32:21-33:1; 36:10-14; 37:3-6);

(d) Merrill's conduct in fighting Shaffer's right to recover money owed to him violates its announced corporate culture (Dkt. 48, pp. 39-40).

4.   Merrill Engaged in Economic Coercion, While Shaffer Attempted in Good Faith to Resolve the Diverted Income Issue. Shaffer alleged that Merrill engaged in threatening, intimidating and coercive conduct to prevent Shaffer from working in the financial services industry. Merrill denies this and argues Shaffer was free to leave to work and was a "free agent" (Edlund Decl. ¶ 2, Exh. D, Amended Answer, pp. 1; 2:12-16; 5:1-30; Fourth Affirmative Defense (no malice, oppression or fraud); Eighth Affirmative Defense (no cause of action); ¶9 Exh. F). The same issue is present in this action (Cpt., ¶¶ 8, 16-25). The arbitration determined the following:

(a) Merrill engaged in economic coercion to prevent Shaffer from going to work for a competitor (Dkt. 48, pp. 36:10-14; 36:22-28, n. 31);

(b) Merrill threatened Shaffer that it would not pay him over $1 million it owed him if he exercised his right to work as guaranteed by the laws of California (Dkt. 48, pp. 36:10-14; 37:3-6);

(c) During the four years prior to Shaffer leaving Merrill in August 2008, he tried to resolve his wage dispute with Merrill but was literally and figuratively

BARTKO ZANKEL
Bartko·Zankel·Tarrant·Miller | Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

-4-

1    whipsawed around the Merrill office and across the country on abortive wild goose chases

2    (Dkt. 48, p. 2:17-20);

3                    (d)    Shaffer tried persistently and with all resources at his command to

4    resolve the wage dispute (Dkt. 48, pp. 2:21-22), but Merrill's ineffective and hostile response only

5    put more pressure on Shaffer at the office, with his family and associates (Dkt. 48, p. 22:24-26);

6                    (e)    Shaffer proposed several creative resolutions of the wage dispute,

7    but they were all rejected by Merrill management (Dkt. 48, p. 23:2-3);

8                    (f)    Merrill's handling of the wage dispute with Shaffer was, in effect,

9    wrongful and ranged from benignly ineffective to affirmatively hostile (Dkt. 48, pp. 3:14-15;

10   22:19-25); and

11                   (g)    Merrill raised numerous obstacles to a resolution of Shaffer's wage

12   dispute and insulted him in handling the dispute (Dkt. 48, p. 30:24-25).

13          5.      Diversion of Shaffer's Income to Genoni Continued for Four Years. Shaffer

14   was involved in a wage dispute with Merrill for over four years until he left in August, 2008

15   (Edlund Decl. ¶ 2, Exh. C, Shaffer Claim, ¶ 3, p. 2:14-3:5) which Merrill denied (Edlund Decl. ¶ 2,

16   Exh. D, Respondent's Amended Answer, p. 1; Eighth Affirmative Defense (no claim for relief

17   stated); Sixteenth Affirmative Defense (Merrill Lynch conduct not the proximate cause of any

18   injury)).  The same issue is present here (Cpt., ¶¶ 11, 14, 16, 57, 62).  Judge Warren determined

19   that:

20                   (a)    Within a few days after Shaffer, Merrill and Genoni, signed an

21   agreement in mid-2004 to split Shaffer's commission-wages, the Agreement unraveled and Shaffer

22   complained about the compensation Merrill paid him (Dkt. 48, pp. 2:12-14; 22:16-17);

23                   (b)    Shaffer disputed Merrill's failure to pay him 100% of his wages

24   (Dkt. 48, pp. 2:17-22; 3:11-12); and

25                   (c)    During the four years prior to Shaffer leaving Merrill in August

26   2008, Shaffer tried to resolve his wage dispute with Merrill (Dkt. 48, p. 2:17-22).

27

28
-5-

2265.002/509549.1                                    **MEMORANDUM IN SUPPORT OF MOTION FOR ORDER**
                                                     Case No. C 10-03943-CRB

6. <u>Shaffer Reasonably Concluded Merrill's Conduct was Oppressive</u>. Shaffer alleged that Merrill engaged in oppressive and wrongful conduct by threatening Shaffer to give up his rights or "get in line to sue Merrill" (Edlund Decl. ¶ 2, Exh. A, Shaffer Position, p. 4:9-10) which Merrill denies (Edlund Decl. ¶ 2, Exh. C, Respondents' Answer, p. 1; Fourth Affirmative Defense (no malice, oppression or fraud); Fifth Affirmative Defense (Merrill's rights to due process and/or equal protection); and Seventh Affirmative Defense (no bad faith). Identical issues are present in this case (Cpt., ¶¶ 20-22). Those issues were determined by Judge Warren:

(a)  During the four-year period ending in August 2008, Merrill diverted a substantial amount of Shaffer's income to another Financial Advisor (Dkt. 48, p. 2:16-17);

(b)  Merrill's "take it or leave it" demand was the "straw that broke his [Shaffer's] back and forced him to leave" employment with Merrill (Dkt. 48, pp. 32:13-15; 34:2-4);

(c)  Merrill's "take it or leave it" solution to Shaffer's wage dispute required Shaffer to accede to Merrill's demands or quit (Dkt. 48, pp. 27:21-22; 28:6-7); and

(d)  Shaffer's boss at Merrill told him that if he sued Merrill, Merrill would drain him financially in litigation and Shaffer would never win or prevail (Dkt. 48, Final Award pp. 28:4-7; 22-28; 39:26-27; 48:3-8).

7. <u>Merrill's Conduct was Oppressive, Fraudulent and Malicious as to Shaffer Regarding the Diverted Income</u>. Shaffer pleaded that Merrill's conduct in refusing to pay his wages in the continuing dispute was oppressive, fraudulent and malicious and continued to threaten, intimidate and coerce Shaffer about his right to work (Edlund Decl. ¶ 2, Exh. C, Shaffer Claims, p. 3:13-15). Merrill denied Shaffer's claim (Edlund Decl. ¶ 2, Exh. D, Amended Answer, pp. 1; 4:4-8, 6:8-10, 9:17-19, 10:11-18; Eleventh Affirmative Defense ("doctrine of justification" protects Merrill); Sixteenth Affirmative Defense (no "proximate cause")). The same issue is present in this action (Cpt., ¶¶ 8, 20-22). The following relevant issues were therefore specifically determined by Judge Warren:

-6-

(a)     Merrill knowingly and wrongfully kept money owed to Shaffer because it was profitable to Merrill (Dkt. 48, p. 40:4-7);

(b)     Merrill engaged in professionally and morally reprehensible conduct against Shaffer when Shaffer asserted his legal rights (Dkt. 48, pp. 38-40);

(c)     Merrill raised spurious defenses and used obfuscatory tactics to avoid paying Shaffer money that it knew it owed him (Dkt. 48, pp. 37:23-25; 37:6-19; 39:21-22; 51:3);

(d)     Merrill used coercive conduct and unprofessional tactics to conceal its illegal actions and to prevent a judicial officer from discovering the facts (Dkt. 48, pp. 37:13-15; 38:2-3; 39:21-23); and

(e)     Merrill's litigation tactic is to present every legal argument to make Shaffer give up, then try to pay him enough to make him go away (Dkt. 48, pp. 52:17-18; 37:12-15; 39:20-23).

8.      Merrill Misused its Financial Resources and Leverage. In addressing the issue of damages in the Arbitration, present in this action (Cpt., ¶¶ 1, 8, 25, 36, 44, 53, 65), the Arbitrator determined the following issues:

(a)     Merrill has enormous financial resources (Dkt. 48, pp. 40:11-13; 48:3);

(b)     Merrill had in 2009 a market value over $57 billion (Dkt. 48, p. 40 n. 38); and

(c)     Merrill's conduct during the 4 years before he left concerning Shaffer's wage dispute made Shaffer's home and office life difficult, inflicted personal humiliation on him and resulted in a major loss of income to him (Dkt. 48, pp. 22-23; 32:28-33:1).

9.      Merrill Did Not Try to Help Shaffer. Shaffer denies, and Merrill argues that it was trying to help Shaffer in every way to resolve the wage dispute and keep Shaffer on his job. (Edlund Decl. ¶9, Exh. G (Merrill closing argument, p. 81 and opening statement, p. 36-38); ¶2 Exh. D, Tenth Affirmative Defense (justification); Thirteenth Affirmative Defense (Shaffer's

-7-

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller I Lovitt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

failure to perform legally); Fourteenth Affirmative Defense (Shaffer's losses are due to his own conduct or negligence)).  That issue is present in this case (Cpt., ¶¶ 1, 6-8, 19-21).  The Arbitration determined the following issues:

(a)    Merrill intentionally mistreated Shaffer through its handling of the wage dispute.  Merrill favored the female Financial Advisor, Genoni, to Shaffer's detriment, which was "the straw that broke his [Shaffer's] back and forced him to leave" employment with Merrill (Dkt. 48, pp. 2:19 n. 3; 32:13-15; 34:2-4);

(b)    Merrill was concerned about Genoni, a female Financial Advisor, bringing a sexual harassment or discrimination suit against Merrill (Dkt. 48, pp. 2:27-28, n. 3);

(c)    Merrill sought creatively -- to Shaffer's disadvantage -- to make Genoni's claims go away (Dkt. 48, p. 2:27-28, n.3).

(d)    During the four-year period of the wage dispute, Merrill was involved in a number of lawsuits brought by female employees dealing with sexual harassment and discrimination (Dkt. 48, p. 27:4-6); and

(e)    Shaffer believed that Merrill did not want to alienate Genoni because it would make it more likely that she would sue Merrill for sex discrimination (Dkt. 48, p. 27:5-11).

Because these issues, present in this case, were raised in the pleadings and arguments submitted by Merrill and Shaffer to the arbitrator, litigated and necessarily determined by the arbitration, collateral estoppel precludes their further litigation by Merrill in this action.

III.    **LEGAL ARGUMENT**

A.    The Confirmed Arbitration Award Has Preclusive, Collateral
        Estoppel, Effect

The confirming federal judgment (Dkt. 48) has preclusive effect that estops Merrill Lynch from contesting these previously determined issues.

Application of either California or federal standards results in the same analysis and results.  When federal jurisdiction is based on diversity, the Court must apply the substantive law of the forum state, including the law pertaining to collateral estoppel. *Jacobs v. CBS Broadcasting*

-8-

MEMORANDUM IN SUPPORT OF MOTION FOR ORDER
Case No. C 10-03943-CRB

*Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002).  California law applies federal standards to determine the preclusive effect of a prior, federal court judgment.  *Costantini, v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).  Since the arbitration was confirmed in federal court, federal preclusion law also applies for that reason.  *Roderick v. Mazzetti & Associates, Inc.*, C 04-2436 MHP, 2005 WL 3797122, at *4, n.1 (N.D. Cal. Oct. 27, 2005).

Collateral estoppel, or issue preclusion, bars re-litigation of issues adjudicated in an earlier suit between the same parties. 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4402 (1981).  In determining if an arbitration will have preclusive effect, courts in this Circuit examine whether:  (1) the proceeding was a judicial-like adversarial proceeding; (2) the proceeding called for the testimony of witnesses under oath; (3) the arbitral determination involved the application of legal rules to a set of facts; (4) the proceedings were before an impartial hearing officer; (5) the parties had a right to subpoena witnesses and present documentary evidence; (6) the arbitrator maintained a verbatim record of the proceedings; and (7) the award has been judicially confirmed.  *Roderick, supra*, 2005 WL 3797122 at * 4 and * 7 citing *Jacobs, supra*, 291 F.3d at 1178-79.  The JAMS arbitration easily meets each of these criteria.

The JAMS arbitration was an adversarial, judicial proceeding in which substantial documentary evidence was discovered and presented;[2] each party presented witnesses who testified under oath (Edlund Decl. ¶ 8), and each party was afforded the right to take depositions and obtain subpoenas for witnesses and documents.[3] The arbitration was held before an experienced, impartial Judge who applied the rule of law to the facts of the case. (Edlund Decl. ¶¶ 4, 8, 11.).

---

[2]     Shaffer produced over 150 documents with over 2,500 pages and, after numerous meet and confer conferences and substantial motion practice, Merrill produced over 375 documents with over 1,500 pages in response to discovery requests (Edlund Decl. ¶ 5).  In addition, third parties, including UBS, produced another 74 documents with over 250 pages in response to Merrill's subpoena (Edlund Decl. ¶7).  106 exhibits were admitted into evidence during the trial (Edlund Decl. ¶ 8).

[3]     More than 325 pages of certified deposition transcripts were recorded.  All witnesses were examined and cross-examined under oath during depositions and at trial (Edlund Decl. ¶¶ 7, 8).

-9-

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER**
Case No. C 10-03943-CRB

BARTKOZANKEL
Bartko Zankel Tarrant Miller Loftt & Hannan, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

The matter was vigorously litigated with over 4,000 documents produced by the parties (Edlund Decl. ¶¶ 5, 6), depositions and trial testimony, some compelled by subpoena (Edlund Decl. ¶ 7), and extensive briefing, both pre and post trial (Edlund Decl. ¶ 8). The two-day trial was stenographically recorded in over 600 pages. *Id.* Post trial argument was reported and supplemented by additional briefing responding to the Judge's questions. *Id.* Judge Warren's 56 page, detailed Award, after further motion practice and written and oral argument and review by this Court was confirmed. (Dkt. 48).

B.   **Issues Determined in The JAMS Arbitration Cannot Be Re-litigated in This Action**

Issues may not be re-litigated where: (1) the issue is identical to the one alleged in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue in the prior litigation was a necessary part of the judgment in the earlier action. *Roderick, supra*, 2005 WL 3797122 at *4, internal citations omitted.

1.   **Issues Presented in This Action are Identical to Issues Raised in The Previous Arbitration**

The issues raised in the JAMS arbitration are the very same as several important issues raised in this action. The parties, the time period, the context, and the operative facts are the same in the present case and the arbitration; the claims in both the arbitration and this action are closely related. *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995) *opinion amended on reh'g sub nom. Kamilche v. United States*, 75 F.3d 1391 (9th Cir. 1996) [litigation of ownership of a portion of a parcel of land precluded litigation of ownership of larger piece of land that included the smaller parcel]. Both the arbitration and the present action arise from the same employer-employee relationship. (Edlund Decl., ¶10.) There is a substantial overlap of the evidence in both the arbitration and this action. (*Id.*) The pretrial preparation and discovery in the arbitration embraced the common facts present in this action. (*Id.*)

-10-

2.      Issues Were Litigated in the Arbitration

An issue is litigated where "a question of fact is put in issue by the pleadings, and is submitted to the jury or other trier of facts for its determination, and is determined." *Santopadre v. Pelican Homestead & Sav. Ass'n*, 937 F.2d 268, 273 (5th Cir. 1991) citing *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 459-60 (5th Cir. 1971), *cert. denied*, 404 U.S. 940, 92 S. Ct. 280, 30 L. Ed. 2d 253 (1971). *See Kamilche, supra*, 53 F.3d at 1062 [issue litigation where parties raised and contested the issue in the pleadings]. The common issues raised by both the JAMS arbitration and the present action were pleaded, argued and submitted to Judge Warren. S*ee, e.g., Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996) *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) [issue of amount of punitive damages identical because wrongful conduct of defendants to be deterred identical in both cases: the use of excessive force].

3.      The Issues Were Necessarily Decided by The Arbitration

To have preclusive effect, the determined issue must have been necessary to the prior action. *Roderick, supra*, 2005 WL 3797122 at *4. The purpose, as stated in the still leading case by Judge Learned Hand, is "[t]hat [it] is a protection, for it means that the issue will be really disputed and that the loser will have put out his best efforts." *The Evergreens v. Nunan*, 141 F.2d 927, 929 (2d Cir. 1944).

Each of the identified issues were raised, addressed in the pleadings, and vigorously argued. Each of the issues was necessarily decided by Judge Warren. They form the factual foundation for the Award. Because the JAMS arbitration is a proper basis for issue preclusion and because the issues raised in the present action are identical to issues raised, litigated and determined in the arbitration, Merrill may not re-litigate those issues.

-11-

2265.002/509549.1

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER**
Case No. C 10-03943-CRB

IV.   **CONCLUSION**

   For the foregoing reasons, the issues presented in this action that were litigated and necessarily determined in the JAMS arbitration as identified above may not be re-litigated and we request the Court order that the specific identified facts have been established.

DATED:  June 3, 2011

                BARTKO, ZANKEL, TARRANT & MILLER
                A Professional Corporation

                By _____
                    William I. Edlund
                    Attorneys for Plaintiff
                    BRADFORD SHAFFER

BARTKOZANKEL
Bartko·Zankel·Tarrant·Miller I Lovitt & Hannon, Inc. of Counsel
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

-12-