IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD SHAFFER,<br><br>    Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC.<br><br>    Defendant.<br>_____ / | No. C 10-03943 CRB<br><br>**ORDER DENYING INTERLOCUTORY APPEAL** |

On July 25, 2011, the Court granted Defendant Merrill Lynch's Motion for Order on Preclusive Effect of Pennsylvania FINRA Arbitration Award. See dkt. 65. Plaintiff Bradford Shaffer has now moved the Court for an order certifying that decision for an immediate appeal pursuant to 29 U.S.C. § 1292(b). See dkt. 66. The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and declines Plaintiff's invitation.

Interlocutory appeal under section 1292(b) "is to be used sparingly and only in exceptional cases." In re Cement Antitrust Litig., 673 F.2d 1020, 1027 (9th Cir. 1981). The Court does not believe that this is such a case. In particular, the Court finds that Plaintiff has not met his burden of establishing a "substantial ground for difference of opinion" on the issue of whether Pennsylvania or California law should apply to the FINRA arbitration.

See 28 U.S.C. § 1292(b). The Court's Order held that it would apply Pennsylvania law to the FINRA Motion, notwithstanding Plaintiff's argument that Vandenberg v. Superior Court, 21 Cal. 4th 815 (1999) mandated a different outcome. See dkt. 65 at 6-8 (relying in part on Brinker v. Superior Court, 235 Cal. App. 3d 1296, 1299-1300 ("Under California law, both the validity and effect of a foreign judgment are governed by the laws of the state in which it is rendered.")). Plaintiff disagrees with this holding. See generally dkt. 66. But "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010). Accordingly, the Court DENIES Plaintiff's motion and VACATES the upcoming hearing date on that motion.

**IT IS SO ORDERED.**

Dated: September 7, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE